IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRISTA EGGERS and NMM,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT EVNEN, Nebraska Secretary of State,<br><br>Defendant. | CASE NO.  4:22-CV-3089<br><br>BRIEF IN OPPOSITION TO MOTION TO CERTIFY A QUESTION TO THE NEBRASKA SUPREME COURT |

Plaintiffs Crista Eggers and NMM submit this brief in opposition to the Secretary's motion to certify a question to the Nebraska Supreme Court pursuant to Nebraska Civil Rule 7.4 and Local Rule 7.1(b).

## INTRODUCTION

According to the Secretary, severability is a threshold issue of Article III standing. But the Secretary does not want an Article III judge deciding this issue. Instead, he asks this Court to delay the proceedings and prolong the plaintiffs' irreparable harm while the Nebraska Supreme Court considers whether to accept a question routinely decided by federal courts. The Secretary's motion to certify—which is really a delay tactic—should be denied.

## ARGUMENT

The Secretary has failed to establish the two prongs required for this Court to certify a question to the Nebraska Supreme Court. A party may move to certify a

1

question of state law to the highest court of that state when it appears that a) an issue of that state's law is determinative of the case and b) there is no clear controlling state law precedent. NECivR 7.4.

Severability is not determinative of this case as the Court does not reach a final determination on the merits on a motion for a preliminary injunction. Even if the Court needed to consider the severability analysis to decide standing, the Court can apply the well-established Nebraska case law of severability of unconstitutional provisions. As the plaintiffs set forth in their Reply Brief, state law favors severability of the multicounty requirement from the rest of Article III, Section 2 of the Nebraska Constitution.

### A. Severability is not determinative of this case because severability is a post-merits relief determination.

The Secretary's proposed certified question asks the Nebraska Supreme Court to answer a question on a hypothetical premise. The form and substance of the question depends on a finding that the multicounty signature distribution requirement is unconstitutional which is not yet before this Court. The Secretary requests to certify the following question to the Nebraska Supreme Court:

> If the multicounty signature requirement in Article III, Section 2 of the Nebraska Constitution violates the First or Fourteenth Amendment of the United States Constitution, is that requirement severable from the remainder of Article III, Section 2?

However, this Court need not yet make the determination of constitutionality while it considers the plaintiffs' motion for preliminary injunction. *See Linc-Drop, Inc. v. City of Lincoln*, 996 F. Supp. 2d 845, 861 (D. Neb. 2014) (granting a preliminary

2

injunction without deciding the merits despite the challenged ordinance being "blatantly contrary" to Supreme Court precedent); *State ex rel. Bruning v. Gale*, 817 N.W.2d 768, 782 (2012) (turning to severability after finding provisions of the statute unconstitutional); *see also Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209 (8th Cir. 1987) ("Whether to use the states certification procedure is within the 'sound discretion of the federal court.'"). Since the Court does not reach a final determination on a motion for preliminary injunction, severability considerations are generally premature at this early stage of the proceedings. The Secretary's proposed certified question is not determinative, and the Nebraska Supreme Court need not divine on a hypothetical outcome.

    **B. This Court can apply the well-established state law precedent to determine whether the multicounty signature requirement is severable.**

To the extent this Court must decide whether the multicounty distribution requirement is severable to determine plaintiffs' Article III standing, this Court can review the well-established state law precedent. Nebraska courts consider five factors in determining whether an unconstitutional provision is severable from the remainder of the provision: (1) whether, absent the invalid portion, a workable plan remains; (2) whether the valid portions are independently enforceable; (3) whether the invalid portion was such an inducement to the valid parts that the valid parts would not have passed without the invalid part; (4) whether severance will do violence to the intent of the Legislature; and (5) whether a declaration of separability

3

indicating that the Legislature would have enacted the bill absent the invalid portion is included in the act. *Jaksha v. State*, 486 N.W.2d 858, 873 (1992).

As the plaintiffs set forth in their reply brief, the Nebraska Supreme Court has established guidance of each factor of the five-factor test, which this Court can apply in its own severability analysis. *See generally Duggan v. Beerman*, 544 N.W.2d 68 (Neb. 1996) (applying the five-factor severability analysis); *Omaha Nat. Bank v. Spire*, 389 N.W.2d 269 (1986) (looking to the text of the initiative amendment to determine the intent of the voter); *Ewing v. Scotts Bluff Cty. Bd. of Equalization*, 420 N.W.2d 685 (Neb. 798) (finding that absence of severability clause is not essential to a determination of severability). Applying these factors, the multicounty requirement is severable from the rest of Article III, Section 2.

The Secretary asserts that the Nebraska Supreme Court has never considered the severability of the multicounty distribution requirement or any element of Article III, Section 2 and thus certification is required. However, this Court need not certify a question to the state supreme court every time a new constitutional challenge is brought to a state statute or constitution. *See Bassett v. Credit Mgmt. Servs., Inc.*, 2017 WL 6598500 at *4 (D. Neb. 2017) (finding that the federal and state court have addressed issues analogous to those presented in the case and that the issues are not so unsettled requiring submitting questions to the Nebraska Supreme Court). Doing so would delay proceedings, burden the state courts, and not promote judicial comity. *See Keller v. City of Fremont*, 790 N.W.2d 711, 789 (Neb. 2010) ("[I]t is manifestly

inappropriate to certify a question in a case where…there is no uncertain question of state law whose resolution might affect the pending federal claim.").

In sum, this Court—not the Nebraska Supreme Court—must find that the plaintiffs have Article III standing to bring their lawsuit and to proceed on their motion for preliminary injunction. And the Court is certainly equipped to do so. Accordingly, the Secretary's motion to certify should be denied.

## CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request the Court deny the Secretary's motion to certify.

DATED this 3rd day of June, 2002.

Submitted By:      /s/ Jane Seu
                   Jane Seu, #27452
                   Mindy Rush Chipman, #24499
                   ACLU of Nebraska
                   134 S. 13th Street, #1010
                   Lincoln Nebraska 68508
                   (402) 476-8091
                   jseu@aclunebraska.org
                   mrushchipman@aclunebraska.org

                   and

                   Daniel J. Gutman, #26039
                   Regina E. Schnieder, #22009
                   Law Office of Daniel Gutman
                   300 South 19th Street, Suite 312
                   Omaha, Nebraska 68102
                   (402) 319-8897

                   **ATTORNEYS FOR PLAINTIFFS**

5

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), the undersigned certifies that this brief complies with the word limits set forth in NECivR 7.1(d). This brief contains 1,063 words, including all text, caption, headings, footnotes, and quotations, using the word counting function of Microsoft Word 2016.

*/s/ Jane Seu*
Jane Seu

## CERTIFICATE OF SERVICE

I certify that on June 3, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, causing notice of such filing to be served upon Defendant's counsel of record.

*/s/ Jane Seu*
Jane Seu