IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRISTA EGGERS and NMM, | |
| Plaintiffs, | 4:22-CV-3089 |
| vs. | |
| ROBERT EVNEN, Nebraska Secretary of State, | ORDER |
| Defendant. | |

The defendant has filed an interlocutory appeal (filing 24) and a motion to stay (filing 26) the Court's preliminary injunction (filing 23) of yesterday afternoon. Pursuant to Fed. R. Civ. P. 62(d):

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

The defendant has not asked for a bond or other terms—rather, the defendant's argument is simply that he has a fair likelihood of succeeding on appeal, so the Court should stay its ruling while he pursues that. *See* filing 27.

In determining whether to grant a stay pending appeal, the Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

lies. *B.K. ex rel. Kroupa v. 4-H*, 877 F. Supp. 2d 804, 824 (D.S.D. 2012), *aff'd sub nom. Kroupa v. Nielsen,* 731 F.3d 813 (8th Cir. 2013); *Brady v. Nat'l Football League,* 779 F. Supp. 2d 1043, 1045 (D. Minn. 2011). And because a stay intrudes upon the ordinary process of judicial review and administration, it's not routinely done as a matter of right even if the moving party might sustain irreparable harm. *Id.*

Because stays are matters of judicial discretion, the moving party bears the burden of showing that the circumstances justify an exercise of that discretion. *Id*. And because the burden of meeting this standard is a heavy one, it's more common that a request for stay will not meet this standard, and will be denied. *Id*.

Here, the Court's preliminary injunction was already premised on an extensive discussion of the merits of the plaintiffs' claims, the balance of harms to the parties, and the public interest. *See* filing 23. The Court understands that the defendant disagrees, and he's entitled to. And the Court understands that he intends to seek appellate review, and again, he's entitled to. But the Court finds nothing here to change its mind about its findings, yesterday, that the plaintiffs are likely to succeed and that any harm to the defendant and the public interest is outweighed by the harm to the plaintiffs.[1] The Court has already discussed and disposed of the defendant's arguments. Accordingly,

---

[1] The Court does take specific note of the defendant's argument that the plaintiffs are unlikely to be harmed because

> as for Eggers's interests as a petition signer and voter, it is hard to see any imminent practical burden on those interests because she has already signed both petitions referenced in the Complaint. So her ability to participate in the process has not been restricted at all and will not be restricted if the preliminary injunction is stayed.

IT IS ORDERED that the defendant's motion to stay (filing 26) is denied.

Dated this 14th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

Filing 27 at 4. But that has the injury exactly backwards, because the plaintiffs were not alleging that anyone was prevented from *signing* a petition. Rather, the gravamen of the plaintiffs' claim is that people who *do* sign petitions are being treated unequally when those signatures are tallied. Her ability to participate in the process is limited by operation of law, because of where she lives. The fact that Eggers has signed the petitions doesn't mean she won't be injured—it means she will.