IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CRISTA EGGERS and NMM,** Plaintiffs, v. **ROBERT EVNEN, Nebraska Secretary of State,** Defendant. | Case No. 4:22-cv-3089 **DEFENDANT'S BRIEF OPPOSING MOTION FOR LEAVE TO AMEND COMPLAINT** |

Defendant Robert Evnen, Nebraska Secretary of State, submits this brief opposing Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 37).

## Introduction

Plaintiffs move for leave to amend their Complaint. The proposed amendment would add a new party (Nebraska State Senator Terrell McKinney) and allege a handful of facts about an initiative measure he currently sponsors (Raise the Wage) and his role in signing initiative petitions. It is Plaintiffs' burden to demonstrate that "justice . . . requires" the filing of this Amended Complaint now. Fed. R. Civ. P. 15(a)(2). They have not done so.

Indeed, Plaintiffs' Motion leaves *the* critical question unanswered: Why does justice require them to file this Amended Complaint *now*, given that they will have the *right* under Fed. R. Civ. P. 15(a)(1)(B) to amend their Complaint as soon as the expedited appeal concludes and Defendant files his responsive pleading? Plaintiffs'

1

failure to address this fundamental question—along with the unusual timing of this Motion—leaves Defendant and the Court to speculate.

In trying to discern why Plaintiffs seek to amend now, we start with four undisputed facts. First, as Plaintiffs admit, Senator McKinney's claims, which are based on his status as a voter and petition signer, "do not differ" from those of Plaintiff Crista Eggers. Filing No. 38 at 3. Second, this Court's preliminary injunction enjoins all applications of the challenged multicounty requirement, and Plaintiffs' requested permanent injunction would do the same. Thus, Senator McKinney is already covered by the relief in the preliminary injunction—and would be covered by the requested permanent injunction. Third, the United States Court of Appeals for the Eighth Circuit has stayed this Court's preliminary injunction, and that appeal is pending expedited review. Fourth, as stated above, Plaintiffs have the right to amend their Complaint as soon as the expedited appeal ends and Defendant files his responsive pleading. Nothing is likely to change during that short time that would affect the rights Plaintiffs seek to raise in the Amended Complaint—in fact, they have identified no such concern.

Given these facts, the most plausible reasons to file this Amended Complaint now—when the right to amend lies just around the corner—are (1) that Senator McKinney intends to seek some kind of interim relief and thereby attempt to thwart the Eighth Circuit's stay of the existing preliminary injunction, or (2) that Plaintiffs want to use the Amended Complaint to somehow derail the pending appeal, especially since the Eighth Circuit's stay signals its view that Defendant has a "strong likelihood

of success on the merits." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020). Opening the door to this sort of maneuvering risks unduly prejudicing Defendant, and it would be an abuse of discretion to allow this amendment now. What the Court should do instead is deny Plaintiffs' Motion and direct them to file their Amended Complaint as of right once the appeal concludes and Defendant files his responsive pleading.

Despite what Plaintiffs say, there are at least three "good faith" reasons to oppose this Motion. *Cf.* Filing No. 38 at 1 (accusing Defendant of having "no good faith basis to oppose the motion"). First, Plaintiffs have wholly failed to show that justice requires this amendment now. Second, Plaintiffs unduly delayed in seeking to amend their Complaint. Third, allowing this amendment at this juncture would risk undue prejudice to Defendant for no good reason.

## Background

On May 16, 2022, Plaintiffs filed this suit challenging Nebraska's multicounty signature requirement for initiatives. Filing No. 1 at 10–13. On June 13, the Court granted Plaintiffs' motion for preliminary injunction, facially enjoining the multi-county requirement by prohibiting Defendant and his agents from enforcing it "for the qualification of [any] proposed ballot initiatives." Filing No. 23 at 45.

The following day, Defendant filed a notice of appeal, and that appeal is pending before the Eighth Circuit. Filing No. 24 at 1. On July 6, the Eighth Circuit granted Defendant's motion to stay the preliminary injunction pending appeal, *see*

Filing No. 34 at 1, signaling that court's view that Defendant has a "strong likelihood of success on the merits," *Org. for Black Struggle*, 978 F.3d at 607.

Soon thereafter, the Eighth Circuit granted Plaintiffs' motion to expedite the appeal. *See* 8th Cir. Order at 1 (July 11, 2022). Consistent with that expedited schedule, the parties completed their briefing on August 5. And a few days later, the Eighth Circuit issued a letter stating that the appeal will be "submitted on the briefs and record without oral argument." 8th Cir. Letter from Clerk to Counsel at 1 (Aug. 9, 2022). This means that a decision could come any day.

Meanwhile, on July 11, the parties agreed to extend the deadline for Defendant to file his responsive pleading with this Court "until 14 days after the Eighth Circuit's decision resolving the pending appeal." Filing No. 35 at 2. The parties also agreed to bar "discovery in this case until [Defendant] files his responsive pleading." *Id.* This Court approved that agreement. *See* Filing No. 36.

On July 29, Plaintiffs filed a Motion for Leave to Amend Complaint, along with a brief in support. *See* Filing Nos. 37 & 38. The proposed Amended Complaint adds Senator Terrell McKinney as a plaintiff, *see* Filing No. 37 at p. 4, ¶ 6, and alleges that he sponsored the Raise the Wage initiative, signed a petition supporting that initiative, signed petitions supporting NMM's two initiatives, *id.* at p. 5, ¶ 7, and believes Raise the Wage submitted sufficient signatures to qualify for the 2022 ballot, *id.* at p. 9, ¶ 37. The proposed Amended Complaint also includes Senator McKinney as part of Plaintiffs' first cause of action, which alleges an equal protection violation. *Id.* at pp. 13–14, ¶¶ 71–78. But it does not amend Plaintiffs' second cause of action, which

4

is their First Amendment claim. *Id.* at pp. 14–16, ¶¶ 79–90. Defendant opposes Plaintiffs' request for leave to file that Amended Complaint for the reasons explained below.

## Argument

### I. Plaintiffs have failed to show that justice requires leave to amend now.

Justice does not require leave to amend *now* because Plaintiffs will have the opportunity to amend as of right as soon as Defendant files his responsive pleading to the Complaint. Within 14 days of the Eighth Circuit's ruling in the pending expedited appeal—a decision that could come any day—Defendant must file his responsive pleading. *See* Filing No. 36. Rule 15 then gives Plaintiffs the right to amend their Complaint "as a matter of course within . . . 21 days after service of [that] responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs cite no reason for seeking leave to amend now when this opportunity to amend as of right is just around the corner and no active litigation is ongoing in this Court.

Not only have Plaintiffs failed to justify the inexplicable timing of this request to amend, but they have also failed to provide any reason why justice would ever require this amendment. Plaintiffs admit that this Court's preliminary injunction applies to "any ballot initiative" and protects "voters who sign *any* initiative petition." Filing No. 38 at 2. They also recognize that Senator McKinney's equal protection claims "do not differ from Plaintiffs'." *Id.* at 3. And they do not deny that their Complaint seeks a permanent injunction that, just like the preliminary injunction, would facially enjoin any future applications of the multicounty requirement. Filing

5

No. 1 at 13. Thus, any relief that Plaintiffs already have—or seek to obtain—in this case will benefit Senator McKinney the same way it benefits the existing Plaintiffs. In addition, Plaintiffs have not identified anything currently hindering their ability to pursue their claims. Given all this, it is difficult to fathom why "justice" would ever "require[]" them to file the Amended Complaint. Fed. R. Civ. P. 15(a)(2).

II. **Plaintiffs unduly delayed in amending their Complaint, and the proposed amendment would needlessly risk undue prejudice to Defendant.**

A district court may deny a motion for leave to amend when there is "undue delay, bad faith," or "undue prejudice to the non-moving party." *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022). Plaintiffs unduly delayed in requesting this proposed amendment, and permitting them to file the Amended Complaint now would risk undue prejudice to Defendant. For these additional reasons, this Court should deny the Motion.

A. **Plaintiffs unduly delayed in seeking to amend their Complaint.**

Plaintiffs' counsel was fully aware of—and even contributed to—Raise the Wage's initiative petition well before they filed this suit in May. *See* Gentzler, Sara, *Petition Drives for Voter ID, Medical Marijuana, Minimum Wage Bringing in Signatures – and Money*, Scottsbluff Star Herald, Feb. 22, 2022 (updated May 5, 2022), https://starherald.com/news/state-and-regional/govt-and-politics/petition-drives-for-voter-id-medical-marijuana-minimum-wage-bringing-in-signatures-and-money/article_a1b68f33-15e3-5e2e-bdc8-135f45fe18a2.html#tncms-source=signup. Yet they offer no reason why they did not include Senator McKinney as a party or

allegations about the Raise the Wage initiative in the original Complaint. Because Plaintiffs have not explained why they delayed months before seeking to amend their Complaint, the Court should deny the Motion.

### B. Allowing Plaintiffs to file their Amended Complaint now would risk unduly prejudicing Defendant.

Permitting Plaintiffs to file their Amended Complaint now risks needlessly inflicting undue prejudice on Defendant. As explained in the Introduction above, because Plaintiffs have not explained their reason for seeking to amend now, Defendant is left to speculate. And as best as Defendant can discern, the most plausible reasons for requesting leave to file the Amended Complaint now—in the present procedural posture—are (1) that Senator McKinney intends to seek some interim relief of his own to avoid the Eighth Circuit's stay of the existing preliminary injunction or (2) that Plaintiffs seek through the Amended Complaint to somehow disrupt the pending appeal. If these are Plaintiffs' plans, that would plainly inflict undue prejudice on Defendant.

Plaintiffs baldly assert, without citation, that the amendment would not "affect the [pending] appeal." Filing No. 38 at 3. But "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ." Charles A. Wright, Arthur R. Miller, and Mary K. Kane, 6 Fed. Practice & Procedure § 1476 (3d ed. 2022 update); *see also Certain Underwriters at Lloyd's v. Southern Pride Trucking, Inc.*, 331 F.Supp.3d 956, 975–76 (D. Neb. 2018) (same); *Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987) (similar). Because permitting Plaintiffs to amend their Complaint at this juncture means that

7

the Complaint on which the preliminary injunction was based would no longer be operative, there is a risk that this might create justiciability concerns regarding the current appeal. To be clear, if the Court were to grant this Motion and allow Plaintiffs to file the Amended Complaint while the appeal is pending, Defendant will strenuously argue that it does not create any justiciability problems. But the mere threat of derailing the appeal unduly prejudices Defendant. Indeed, because Plaintiffs give no reason why the amendment must occur now rather than after the appeal concludes, the prejudice to Defendant is entirely unjustified.

It is also prejudicial for Defendant to bear the risk that Senator McKinney will try to move for another preliminary injunction or attempt to modify the existing injunction. Not only would responding to such a belated maneuver waste Defendant's resources, but a new or modified preliminary injunction would also create added justiciability questions on appeal. These threats greatly prejudice Defendant, and every bit of that prejudice is undue because, again, Plaintiffs already have the right to file an Amended Complaint as soon as the expedited appeal ends and Defendant files his responsive pleading.

Finally, the Amended Complaint prejudices Defendant because the primary purpose of that amendment is to add a new party and thus it attempts to avoid the requirements governing motions to intervene. Fed. R. Civ. P. 24(a) establishes the standards for intervention as of right, and one of those requirements is that the existing parties must not "adequately represent" the intervening party's interest. Senator McKinney would be hard pressed to make that showing here given Plaintiffs' con-

cession that Senator McKinney's claims "do not differ from [theirs]." Filing No. 38 at 3. By filing an amended complaint, Plaintiffs seek to avoid any consideration of these standards. This too prejudices Defendant.

## Conclusion

Because Plaintiffs' Amended Complaint is unnecessary, untimely, and unduly prejudicial, Defendant respectfully requests that the Court deny Plaintiffs' Motion.

Submitted August 12, 2022.

**DEFENDANT ROBERT EVNEN**

By:     DOUGLAS J. PETERSON
          *Attorney General of Nebraska*

          *s/ Jennifer A. Huxoll*
          Jennifer A. Huxoll (NE # 20406)
          Justin J. Hall (NE #26161)
           *Assistant Attorneys General*
          James A. Campbell (NE # 26934)
           *Solicitor General*
          OFFICE OF THE ATTORNEY GENERAL
          2115 State Capitol
          Lincoln, Nebraska 68509
          (402) 471-2682
          jennifer.huxoll@nebraska.gov
          justin.hall@nebraska.gov
          jim.campbell@nebraska.gov
          Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the word limits prescribed in Local Civil Rule 7.1(d)(1)(A) because this brief contains 2,279 words as calculated by the word-count feature of Microsoft Word 2016 when set to include all text, including the caption, headings, footnotes, and quotations.

*s/ Jennifer A. Huxoll*
Jennifer A. Huxoll

**CERTIFICATE OF SERVICE**

I certify that on August 12, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, causing notice of such filing to be served upon Plaintiffs' counsel of record.

*s/ Jennifer A. Huxoll*
Jennifer A. Huxoll