IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRISTA EGGERS, and NMM, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT EVNEN, Nebraska Secretary of State, <br><br> Defendant. | 4:22CV3089 <br><br> ORDER |

This matter comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 37). Plaintiffs seek leave to amend their Complaint to add a plaintiff and allegations regarding the Raise the Wage Ballot Initiative. Defendant, the Nebraska Secretary of State, opposes the motion as "unnecessary, untimely, and unduly prejudicial." (Filing No. 40 at p. 9). The Court will grant Plaintiffs' motion.

Plaintiffs, Crista Eggers and NMM (Nebraskans for Medical Marijuana), commenced this action on May 16, 2022, to challenge the constitutionality of the Nebraska State Constitution's multicounty signature distribution requirement for ballot initiatives (hereinafter, "the 38-county requirement"). Eggers is a registered and eligible voter in Omaha, Sarpy County, and is also a contractor, volunteer, and sponsor of NMM. NMM is a ballot campaign committee that filed paperwork with the Secretary to place two initiative petitions intended to legalize medical cannabis on the November 2022 general election ballot. Plaintiffs allege the 38-county requirement violates the Equal Protection Clause of the U.S. Constitution because it gives disproportionate influence to voters in sparsely populated counties, and dilutes the weight of urban county voters' signatures. Plaintiffs also allege the 38-county requirement violates the First Amendment because it forces petition circulators to curtail their efforts in populous counties in order to obtain the required signatures from other counties, which costs more money, restricts a petition circulator's ability to spread its word and ideas, and makes it less likely that a proposal would qualify for the ballot. Plaintiffs seek a declaration that the 38-county requirement is unenforceable and a permanent injunction barring the Secretary from enforcing it. (Filing No. 1).

On June 13, 202, the Court granted Plaintiffs' motion for preliminary injunction, enjoining the Secretary from taking any action to enforce its county distribution requirement for the

qualification of proposed ballot initiatives. (Filing No. 23). Defendant appealed the preliminary injunction order and obtained a stay of its enforcement pending the appeal. (Filing No. 31). On July 11, 2022, this Court granted Defendant's unopposed motion to extend its responsive pleading deadline to 14-days after the Eighth Circuit Court of Appeals issues its decision resolving the appeal. This Court also ordered that discovery will not commence until after the Court enters a Scheduling Order requiring the parties to meet and confer to file a joint Rule 26(f) Report. (Filing No. 36).

Plaintiffs filed the instant motion for leave to amend on July 29, 2022. Plaintiffs seek to add as a plaintiff Senator Terrell McKinney, a sponsor of the Raise the Wage ballot initiative and registered voter in Douglas County, and other allegations concerning the Raise the Wage ballot initiative, which would increase the minimum wage in Nebraska to $15 by 2026. The Raise the Wage initiative submitted over 160,000 signatures for review by the Secretary on July 7, 2022, to be included on the November 2022 general election ballot. Both McKinney and Eggers signed the medical cannabis petitions and the Raise the Wage petition for the November 2022 ballot. Plaintiffs' proposed amended complaint does not otherwise change the basis of their claims or the substantive relief sought. (Filing No. 37 at pp. 3-17).

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

Defendant opposes Plaintiffs' motion for leave to amend, asserting Plaintiffs have not met their burden to demonstrate that "justice . . . requires" the filing of their amended complaint now, "given that they will have the right under Fed. R. Civ. P. 15(a)(1)(B) to amend their Complaint as soon as the expedited appeal concludes and Defendant files his responsive pleading[.]" Defendant speculates that Plaintiffs are seeking leave to amend their complaint because Senator McKinney "intends to seek some kind of interim relief and thereby attempt to thwart the Eighth Circuit's stay

of the existing preliminary injunction, or (2) that Plaintiffs want to use the Amended Complaint to somehow disrupt the pending appeal;" Defendant continues, "If these are Plaintiffs' plans, that would plainly inflict undue prejudice on Defendant." (Filing No. 40 at p. 2). Defendant's baseless speculation regarding Plaintiffs' intentions does not persuade the Court to disregard Rule 15's direction to "freely give leave" to amend, and no compelling reasons exist to deny the motion.

Defendant argues Plaintiffs "unduly delayed" in amending their Complaint because Plaintiffs could have included Senator McKinney and the Raise the Wage allegations in their initial complaint. (Filing No. 40 at p. 6). "In general, a movant does not unduly delay if she files her motion to amend pleadings in the early stages of litigation[.]" *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-CV-4359 (JRT/LIB), 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020). "Undue delay" is generally understood to occur "when a party waits until the eleventh hour of its case to file its motion to amend." *Id.* (internal quotation marks omitted). Defendant has presented no authority to suggest "undue delay" in the context of amending pleadings is measured prior to when the action is commenced—that type of delay is addressed by statutes of limitations. See, e.g., *Cahoon as Tr. for Cahoon v. L.B. White Co., Inc.*, No. 19-CV-155 WMW/ECW, 2019 WL 4786097, at *6 (D. Minn. Oct. 1, 2019) ("The fact that [the plaintiff] filed her original complaint shortly before the statute of limitations expired does not constitute undue delay or dilatory motive[.]"). Here, Plaintiffs filed their initial complaint on May 16, 2022, barely two months before filing the instant motion to amend their complaint. Defendant has not yet filed a responsive pleading and discovery has not commenced. The Court also has not entered a case progression order setting a deadline for parties to move to amend pleadings. Nothing about Plaintiffs' actions implicates delay, let alone "undue" delay.

Additionally, even if the Court accepted Defendant's assertion that Plaintiffs have delayed in filing this motion to amend, "[d]elay alone is not a reason in and of itself to deny leave to amend; *the delay* must have resulted in unfair prejudice to the party opposing amendment. . . . The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)) (internal citation omitted) (emphasis supplied). Defendant has failed to meet its burden to show that they have been unfairly prejudiced by any delay. Defendant takes issue with the timing of Plaintiffs' motion to amend, but not really because Plaintiffs have *delayed* in filing it; Defendant suggests Plaintiffs should just wait to file an amended complaint as a matter of course under Fed.

3

R. Civ. P. 15(a)(1)(B). Defendant's suggestion that Plaintiffs should wait to file their amended pleading at a later date weighs against a finding that Defendant has been unfairly prejudiced by a delay. Permitting Plaintiffs to file an amended pleading now will leave Defendant in the same position he was in before the amendment; Defendant still does not have to file any responsive pleading until 14-days after the Eighth Circuit resolves the pending appeal of the preliminary injunction order.

Defendant also expresses concern that permitting Plaintiffs to file an amended complaint will affect the justiciability of the pending appeal of this Court's preliminary injunction order. (Filing No. 40 at pp. 7-8). It is true that generally, a notice of appeal divests the district court of jurisdiction over the matters appealed. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Fed. R. Civ. P. 62(a). But, application of this general rule in an appeal of a preliminary injunction order is limited to those matters involved in the appeal. See *W. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986) ("[T]he pendency of an interlocutory appeal from an order granting or denying a preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case."); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) ("[W]here . . . the appeal is from an interlocutory order denying a motion for preliminary injunction, . . . the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal."). Here, Plaintiffs' proposed amended complaint does not add new legal theories, seek new relief, or otherwise alter the status of the matter on appeal. The proposed amendments simply seek to add another plaintiff that also claims to be aggrieved by the 38-county requirement. As such, Plaintiffs' amended complaint would not affect the justiciability of Defendant's pending appeal of the preliminary injunction order.

Finally, Defendant asserts he is prejudiced by the amended complaint because Plaintiffs' addition of Senator McKinney as a plaintiff using Rule 15 is an end-run around the requirements governing motions to intervene under Rule 24(a). (Filing No. 40 at p. 8). However, Rule 24 is inapplicable as Senator McKinney is not seeking to "intervene" in this action. Plaintiffs seek to add him as another party plaintiff. Under Rule 20(a), "Persons may join in one action as plaintiffs

4

if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). There is no question that the requirements of Rule 20 are met such that addition of Senator McKinney as a plaintiff is permissible. Senator McKinney is a registered Douglas County voter who sponsored the Raise the Wage ballot initiative and signed the medical cannabis ballot initiatives. As recognized by the parties, "Senator McKinney's claims, which are based on his status as a voter and petition signer, 'do not differ' from those of Plaintiff Crista Eggers." (Filing No. 40 at p. 2). Plaintiffs' proposed amended factual allegations and legal claims are "substantially similar" to those asserted in the initial complaint, Senator McKinney and Eggers assert the same interests as petition signers and voters, and both seek to invalidate Nebraska's 38-county requirement as violative of the Equal Protection Clause and First Amendment. Senator McKinney is properly added as a plaintiff and Defendant would not be unduly prejudiced by the amendments.

Upon consideration,

**IT IS ORDERED:** Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 37) is granted. Plaintiffs shall file their proposed amended complaint on or before September 12, 2022.

Dated this 29th day of August, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge